JOHN J. MEURER v. THE DETROIT MUSICIANS' BENEVO-
LENT & PROTECTIVE ASSOCIATION.

| 95   451 |
| d144  424 |

*Mutual benefit associations—Expulsion of member—Mandamus—
Estoppel.*

1. *Mandamus* will lie to restore a member of a mutual benefit association to membership, of which he has been deprived for the non-payment of a fine different from that authorized to be imposed by its by-laws for the act complained of.

2. The fact that an association has done business under a different name than that by which it was incorporated, and by which it may yet be properly named in process, cannot affect the right of a member to a writ of *mandamus* to restore him to membership, of which he has been wrongfully deprived.

3. It does not lie with an association which is assuming to exercise corporate functions to contest its own existence in a *mandamus* proceeding by a deposed member for restoration to membership.

4. The fact that a corporation is exceeding the powers expressly authorized to be exercised by the statute under which it is organized will not necessarily result in a forfeiture of its entire franchise; citing *Stewart v. Society*, 41 Mich. 67.

*Mandamus.*    Argued April 5, 1893.    Granted April 28, 1893.

Relator applied for *mandamus* to compel respondent to reinstate him to membership. The facts are stated in the opinion.

*Harry F. Chipman* and *James Phelan,* for relator.

*Frank B. Leland,* for respondent.

MONTGOMERY, J.    Relator was by order of the board of trustees of the respondent expelled, and asks a writ of *mandamus* directing his restoration to membership.

It appears by the proceedings that he was expelled for the non-payment of a fine of $25 imposed under the following circumstances: The National League of Musicians of the United States, with which the respondent has affiliated, at their session in March, 1892, passed a resolution prohibiting any band composed wholly or in part of members of any local body of the league from participating in any procession, tournament, or public entertainment in which any government band or bands should take part, outside of their government duty. It appears that at the meeting of the Knights Templar at Denver, Colo., during the summer of 1892, the band of which the relator was leader did take part, in violation of the terms of this resolution. For this offense the band were cited to appear and show cause why they should not be disciplined. A vote was passed censuring the members of the band, and thereupon, upon motion of one of the members of the band, a fine of $25 was imposed upon the relator. At the next regular meeting of the respondent the relator appealed from the imposition of this fine upon him, and asked to be released from the payment of the fine, and his appeal was sustained. Subsequently, the board of trustees, having had reported

to them this determination of the meeting of the body, rejected the appeal, and the secretary was instructed to notify the relator accordingly. The records offered show that on March 2, 1893, the following action was taken:

(Quoted from the record of the secretary:)
" Brother John J. Meurer failed to pay the fine of $25 imposed upon him by the board of trustees at their meeting held on September 16, 1892, the thirty days' notice thereof having expired the 27th of last February. Report accepted.

" Under the head of ' deferred business,' the case of Brother John J. Meurer was discussed at length, and the following circumstances considered and debated: [Here follows a statement of the circumstances connected with the case, after which appears the following:] It was moved and supported to erase Brother J. J. Meurer from the membership list of this association, for non-payment of the fine of $25 imposed upon him by the board of trustees at their meeting held on September 16, 1892, and, this action of the board being final as per section 3, article 12, of the by-laws, the secretary was instructed to execute his duty as per by-laws."

There is no by-law of the corporation which in terms provides for the imposition of any such penalty. Various sections of the by-laws provide for specific fines for certain offenses. Among the rest is the following:

" Members of this association bind themselves, by signing the constitution and by-laws, to enter into no engagement, and assist at no musical performance whatever, with any professional musician or musicians who are not members in good standing of this association.   *   *   *   Fine, $5 for the first offense, $10 for the second, and erasion for the third offense."

The respondent claims that section 6 of article 9 furnishes authority for the punishment administered in the present case. This section reads as follows:

" Should any member be an accessory to any imposition practiced on this association, or any member thereof, he

may be punished in such manner as the law provides, or, in the absence of such law, as the board of trustees shall decide."

The National League of Musicians had no direct authority over the members of the respondent which this Court can recognize. *Lamphere v. Grand Lodge*, 47 Mich. 429. If it be assumed that any such authority existed, the force of the resolution was no more than to provide that the members should not take part in the parade because of the presence of musicians who were not members of the association. For this the by-law of the respondent had already provided against, and had provided for the imposition of a fine, but not the fine which was imposed in the present case.

It is contended by the respondent that it is not amenable to this process, for the reason that the Detroit Musicians' Benevolent & Protective Association is not now, nor was it ever, incorporated. The articles of association were filed with the Secretary of State, June 17, 1882, in which the corporation is named the "Detroit Musical Benevolent & Protective Association." Article 1 of its constitution, as printed and appended to the return, provides that the name of the association shall be the "Detroit Musicians' Benevolent & Protective Association." The act under which it was incorporated is Act No. 104, Laws of 1869 (How. Stat. § 3949 *et seq.*) One of the objects of the incorporation is to furnish relief to members disabled by sickness from pursuing their profession. In any fund accumulated in the hands of the corporation each member has an interest. In this respect it is like an insurance association. The fact that the association has done business under a different name than that by which it was incorporated, and by which it may yet be properly named in process, of course cannot affect the relator's remedy.

It is contended, however, that the law of its incorporation was repealed by Act No. 187, Laws of 1887. This act is entitled—

"An act to revise the laws providing for the incorporation of co-operative and mutual benefit associations, and to define the powers and duties, and regulate the transaction of the business, of all such corporations and associations doing business within this State."

The repealing clause is in section 26, which provides that Act No. 104, Laws of 1869, and other named acts,—

"And all acts and parts of acts supplemental to or amendatory of any of the above-named acts, and all acts and parts of acts inconsistent with the provisions of this act, are hereby repealed, except in so far as they apply to societies and organizations mentioned in section twenty-five of this act. But the repeal of the foregoing acts shall not dissolve any corporation or association now organized and existing under said several acts above mentioned, or either of them, provided that such corporation or association shall be found by the Attorney General and Commissioner of Insurance, after such examination as is provided for in sections four and seventeen of this act, to be organized and doing business in substantial conformity to the provisions of this act, or shall be made to so conform by immediate amendment of its articles of association; and such corporations or associations, having been found or so made to conform as aforesaid, shall continue of the same effect and force as though the said act or acts had not been repealed, and shall, from and after the taking effect of this act, be deemed to be corporations organized under the provisions of this act, and shall be subject to all the provisions hereof as fully as though such corporations or associations had been originally created hereunder, and may continue and carry on the business specified in their articles of association under the provisions of this act as if the acts mentioned in this section had not been repealed." 3 How. Stat. § 3960e5.

Whether respondent had complied with all of these requirements does not appear, nor is it the duty of the Court to inquire. The State can complain, but it does not lie with this respondent, which is assuming to exercise.

corporation functions, to contest its own existence in this proceeding. Even if it is exceeding the powers expressly authorized to be exercised by the statute of its organization, this would not necessarily result in a forfeiture of its entire franchise. *Stewart v. Society*, 41 Mich. 67.

The writ of *mandamus* should issue as prayed.

HOOKER, C. J., MCGRATH and GRANT, JJ., concurred. LONG, J., did not sit.