[Civ. No. 295. First Appellate District.—December 11, 1906.]

GEORGE DINGWALL, Respondent, v. AMALGAMATED ASSOCIATION OF STREET RAILWAY EMPLOYEES OF AMERICA et al., Appellants.

UNINCORPORATED ASSOCIATIONS—CONSTITUTION AND BY-LAWS—CONTRACT—RIGHTS OF MEMBERS.—The constitution, rules and by-laws of a voluntary unincorporated association constitute a contract between the association and its members, and the rights and duties of the members as between themselves and in their relation to the association, in all matters affecting its internal government and the

management of its affairs, are measured by the terms of such constitution and by-laws.

ID.—MEMBERSHIP IN ASSOCIATION PROMOTING MEANS OF LIVELIHOOD—PERSONAL RIGHT.—Membership in a social or beneficial association is in itself a personal right, especially when its purposes include the amelioration or improvement of the conditions under which the members obtain their livelihood.

ID.—PROTECTION OF MEMBERSHIP UNDER RULES.—The holder of such personal right of membership is protected against any unauthorized act or proceeding on the part of his fellow-members, either as individuals, or in their official or collective capacity, by which his enjoyment of such right will be impaired or destroyed. Whenever it is sought to deprive him of his membership, he has the right to insist upon a strict observance of the proceedings therefor prescribed in its constitution or articles of association, and such by-laws or rules of conduct as have been adopted under its provisions.

ID.—ILLEGAL EXPULSION—IMPOSITION OF FINE.—When the constitution of such association provides for the expulsion of members for certain designated offenses not including that with which a member is charged, and it is provided that "for all other offenses" only a specified fine may be imposed, a member thereof cannot be lawfully expelled for an offense punishable only by imposition of a fine.

ID.—FAILURE OF MEMBER TO APPEAR.—The failure of a member to appear when he is chargeable with an offense which is not made ground of expulsion cannot confer upon the association any further authority than is given by its constitution and rules.

ID.—AFFIRMANCE OF ILLEGAL EXPULSION UPON APPEAL.—The affirmance of an illegal expulsion upon appeal taken by the member to the supreme association cannot validate the illegal order made in violation of the constitution; though, if the laws of the association provided for an appeal, that remedy should be exhausted before applying to the courts.

ID.—REINSTATEMENT OF MEMBER BY DECREE OF COURT.—The expulsion of the member being without authority, and its affirmance upon appeal being unavailing, the superior court had jurisdiction in an action brought for that purpose to decree that he be reinstated in his membership.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

H. W. Hutton, for Appellants.

Weil & Lippitt, and A. A. Sanderson, for Respondent.

HARRISON, P. J.—Appeal from a judgment granting plaintiff's application for a writ of mandate, commanding the appellants to restore him to membership.

The Amalgamated Association of Street Railway Employees of America is a voluntary unincorporated association of men employed by various street railway companies in the United States, associated together "to organize Division Associations, and place the occupation of street railway employees upon a high plane of efficiency, intelligence and skill; to encourage the formation in Division Associations of sick benefit funds; to establish schools for imparting a practical knowledge of modern and improved methods and systems of transportation and trade matters generally; to encourage settlement of disputes between employees and employers by arbitration; to secure employment and adequate pay for work; to reduce the hours of daily labor, and by all legal and proper means to elevate the moral, intellectual and social condition of its members."

The appellant herein, Division No. 205 of said Amalgamated Association, is a subordinate or local division thereof, composed of about two thousand seven hundred men employed by the various street railway companies of San Francisco. The respondent was elected a member of the appellant August 12, 1901, and by virtue thereof became a member of the parent association. He continued to remain such member until December 16, 1902, when he was expelled therefrom in the manner hereinafter stated. June 19, 1902, he was elected secretary-treasurer of the appellant, and acted as such officer until his said expulsion.

December 8, 1902, certain members of the appellant presented to its executive board charges in writing against the respondent, charging him and four other members "with violating their obligations, with holding secret meetings together, and therein conspiring against the welfare of the Union and R. Cornelius, its president, in particular." Upon receiving these charges the executive board ordered a trial of the respondent to be had thereon at 8 o'clock P. M. on December 13th, and a copy of the charges was duly served upon him. Prior to that time he requested that he be represented at the trial by counsel, and that a shorthand reporter be admitted to take testimony, but such requests were denied by the board upon the ground that to grant them would be in violation of

its rules, and he thereupon refused to appear at the trial. The executive board, however, proceeded with the trial in his absence, and afterward reported to the appellant that it found the respondent guilty of the charges against him, and recommended that he be expelled from the organization. On December 16th, at a meeting of the appellant, the report was presented, approved, and a resolution for his expulsion adopted, and since that time the respondent has been denied the privileges of membership in the appellant. After such expulsion he took an appeal as provided in the constitution and rules of the association, and prior to the commencement of this action had exhausted all the remedies provided thereby. His appeal was denied, and the order of expulsion affirmed.

The constitution and general laws of the Amalgamated Association of Street Railway Employees of America, by which the appellant is governed in exercising control over its members, contain the following provisions for the expulsion of a member, and no others, viz.:

"Sec. 69.    All business of the local division must be strictly private from persons outside of the Association, unless publication be authorized by the local division, and persons giving out information contrary to the Local Division shall be fined, suspended or expelled.

"Sec. 70.    Any member who divulges the quarterly password for any purpose other than to enter the meetings shall be expelled."

The appellant has also enacted the following by-law:

"Sec. 62.    The President shall have power to fine any member who in any way disturbs a meeting while in session, but for all other offenses the executive board shall have the power to impose a fine according to their judgment. Such fine not to exceed fifteen dollars ($15), and no member shall be entitled to his working card until all dues, assessments and fines are paid."

The record also shows that there are certain other provisions in the by-laws for the impeachment and removal from his office of any officer who may be guilty of an infringement of the provisions of the constitution and by-laws; but as the proceeding herein was against the respondent in his capacity as a member, and not for any official delinquency, these provisions have no application.

The appellant has assigned many errors on the part of the superior court at the trial herein, and the parties to the appeal have  discussed in their briefs many questions arising thereon, but from the conclusion which we have reached upon one proposition, which underlies the entire proceeding, it becomes unnecessary to consider the other questions.

The constitution, rules and by-laws of a voluntary un-incorporated association constitute a contract between the association and its members, and the rights and duties of the members as between themselves and in their relation to the association, in all matters affecting its internal government and the management of its affairs, are measured by the terms of such constitution and by-laws. Membership in a social or beneficial association is in itself a personal right, especially when the purposes of the association include the amelioration or improvement of the condition under which the members obtain their livelihood; and the holder of such right is entitled to be protected in its enjoyment against any unauthorized act or proceeding on the part of his fellow-members, either as individuals or in their official or collective capacity, by which his enjoyment of such right will be impaired or destroyed. The right of a member to retain his membership is subject to the terms and conditions contained in the constitution or articles of association, and such by-laws or rules of conduct as may be adopted under their provisions; and whenever it is sought to deprive him of his membership he has the right to insist upon a strict observance of the proceeding therefor which may have been prescribed in such articles or rules.

Under the provisions of sections 69 and 70 of the constitution of the appellant above set forth, its right to expel a member is provided for certain offenses, none of which is included in the charges which were presented against the respondent herein, and by section 62 of the by-laws a right is given to the president to fine a member for disturbing a meeting while in session. But for *"all other offenses"* the appellant has declared, in section 62, that the executive board shall have the power to impose a fine "according to their judgment" not to exceed $15. The parties to the association having by agreement thus limited and declared the penalty to be imposed for all offenses, it was not within the power of the appellant to impose a different penalty for the offense with which the respondent was charged (see *Allnutt* v. *Subsidiary High*

*Court,* 62 Mich. 110, [28 N. W. 802] ; *Meurer* v. *Detroit etc. Assn.,* 95 Mich. 451, [54 N. W. 954] ).    By enumerating certain offenses for which the penalty of expulsion may be imposed, the right to inflict such penalty for any other offense is impliedly excluded; and the further provision that for "all other offenses" the penalty shall be a fine not to exceed $15 is a positive declaration that the only penalty which could be imposed upon respondent for the offenses with which he is charged is such pecuniary fine.

The failure of the respondent to appear at the hearing on December 13th did not confer upon the appellant any further authority than was given by its constitution and rules. The charges served upon the respondent contained no proposition for expulsion; and as he had the right to assume that the only penalty would be a fine within the limits prescribed by the above by-law, he may have been willing to submit his case to the determination of the executive board upon such proof as might be presented in support of the charges.

The affirmance of the order of expulsion upon the appeal taken therefrom by him did not validate the order.    If provision was made by the association for any review of the proceeding, it was incumbent upon him to exhaust his remedies within the association before making application to the courts; but as the order of expulsion was void, by reason of a want of jurisdiction in the appellant to make it, its affirmance did not give it any vitality.

The action of the appellant in expelling the respondent from its membership was therefore without authority, and the order of the superior court directing that he be reinstated in his membership was correct.

The judgment and order denying a new trial are affirmed.

Cooper, J., and Hall, J., concurred.