## FISH v. HUDDELL et al.
### No. 5148.

Court of Appeals of District of Columbia.
Submitted May 7, 1931.
Decided June 29, 1931.

Thomas C. Bradley, P. H. Marshall, and Harry S. Barger, all of Washington, D. C., for appellant.

James S. Easby-Smith and F. W. Hill, Jr., both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

HITZ, Associate Judge.

This is an appeal from an order of the Supreme Court of the District of Columbia dismissing on motion an amended bill for injunctive relief.

Appellant here, plaintiff there, elected to stand on his bill and brought this appeal.

In April, 1929, plaintiff was a member and business agent of local union No. 77, in this city, of the International Union of Operating Engineers.

About that time defendant Arthur M. Huddell, as general president of the International Union, suspended him as business agent, and for one year from membership in his local union.

By this action plaintiff claims he lost the usual rights and privileges incident to union membership, together with his salary of $75.-50 a week and the use of an automobile as business agent.

The bill contains many other allegations of interference with the affairs of plaintiff and his local union by Huddell and the other defendants under his orders and direction.

All of these acts are alleged to have been unlawful, and injunctive relief against them is sought.

The motion to dismiss was based on the failure of the bill to show that plaintiff had exhausted his remedies within the association before resorting to a court of equity.

And on this motion the trial court dismissed the bill with leave to amend.

Article 4, § 2, of the constitution of the International Union, provides:

"The General President shall countersign all vouchers and checks for payment of moneys or for withdrawing funds from the bank. The General President shall have the power to appoint officers pro tem, and all committees not otherwise provided for, and to deputize any member in good standing to perform any of the duties of his office which time and distance may prevent him from performing personally. He shall have the direction and supervision of all Local Unions, with power to suspend either individual members or officers for incompetency, negligence or failure in successfully carrying out their duties, and he shall designate the persons to fill the places of officers or members thus suspended who shall conduct the affairs of the Local under his direction. He shall be vested with the full discretionary power to issue charters or to suspend the charter of any Local Union not complying with the Rules and General Laws for the government of the International Union of Operating Engineers until such time as hearing is had as provided in Article VII, Section 6, which hearing, if demanded by the Local Union shall be had within thirty (30) days.

"He shall have full control of the work of the organization throughout the jurisdiction of the organization subject to the approval of the General Executive Board. He shall have power to appoint representatives in such localities as shall appear to be for the interest of the organization. The General

President shall preside as chairman of the General Executive Board and shall make a full report to the said Board of the work in his office at least every six months."

Article 15, § 2:

"Local Unions or members have the right to appeal to the General Executive Board through the General Secretary-Treasurer from any decision rendered by the General President. The decision of the General Executive Board to be final and binding until changed by a convention."

Defendant Huddell claims authority for his actions complained of under article 4, section 2, while plaintiff contends that he was not justified in his actions by that article and section, nor any other.

■ Thus we have squarely presented a question of internal management and administration of the affairs of the Union of Operating Engineers.

It is well settled that with such management and administration the courts will not ordinarily interfere. 5 C. J. 1364, § 101, and cases cited.

■ Nor does the plaintiff bring himself within exceptions to the rule, because even then, as held by the trial court, he must show that he has first exhausted his remedies in the tribunals of his organization as provided by its constitution and general laws, particularly article 15, section 2. Dingwall v. Street R. Employees Amalgamated Assoc., 4 Cal. App. 565, 88 P. 597; Hickey v. Baine, 195 Mass. 446, 81 N. E. 201; Strempel v. Rubing (Super. N. Y.) 4 N. Y. S. 534; Whitty v. McCarthy, 20 R. I. 792, 36 A. 129.

Of the two successive appeals so open to the plaintiff he has availed himself of neither, but attempts to justify his failure to do so by allegations that defendant Huddell dominates the general executive board and that the convention of the International Union meets infrequently.

The first of these objections is based on an assumption in which the court cannot indulge, and the second is answered by the constitution and general laws of the organization to which the plaintiff voluntarily subscribed.

The decree is affirmed.

Affirmed.