**JOEL et al. v. ROSSETER et al.**

No. 4017.

District Court, N. D. California, S. D.
April 14, 1936.

Hugh. L. Smith, of San Francisco, Cal., for complainants.

J. C. Jury, of San Francisco, Cal., for defendant International Longshoremen's Ass'n et al.

Bertram Edises, of San Francisco, Cal., for defendants Rosseter and Calkins.

NORCROSS, District Judge.

Motions to dismiss complainants' bill of complaint upon the ground that the same fails to allege facts entitling complainants to equitable relief in this court have been interposed upon the part of defendants, and submitted.

The relief prayed for in the bill of complaint is mainly injunctive to restrain certain proceedings now pending under authority of the National Labor Relation's Board appointed under the provisions of the Act of Congress of July 5, 1935. National Labor Relations Act, 49 Stat. 449, c. 372, §§ 1–16, 29 U.S.C.A. §§ 151–166.

Complainants are members of Ship Clerks' Association of the Bay of San Francisco and its Tributaries, Local 38–90 of the International Longshoremen's Asso-

915

ciation, which association has been made defendant in this proceeding. It is alleged in the complaint that the said Ship Clerks' Association is composed of members "some of whom are employed on an hourly or daily basis and the remainder of whom are monthly clerks."

It appears from the allegations of the complaint that the matter presented for consideration before the National Labor Relations Board is compensation which should be allowed and paid to the monthly clerks as distinguished from those employed by the day or hour. It also appears from the complaint that no controversy exists respecting matters of procedure as between representatives of the Board and officials of the local association. In effect, it appears to be the contention of complainants that in the procedure in question only those members of the association who are in fact monthly clerks are entitled to participate in matters to be considered by the Labor Relations Board.

It does not appear from the complaint that complainants have applied for redress of any grievance either to said Board or to their own association. Such application we think is essential. Fish v. Huddell, 60 App.D.C. 263, 51 F.(2d) 319; Greenwood v. Building Trades Council of Sacramento, 71 Cal.App. 159, 233 P. 823; 5 C.J. 1364; 63 C.J. 702.

By subdivision (f) of section 10 of the National Labor Relations Act (29 U.S.C.A. § 160 (f) it is provided that any person aggrieved by a final order of the Board may obtain a review of the same by the Circuit Court of Appeals, which court may affirm, modify, or set aside in whole or in part the order so subject to review. We think this provision of the statute is controlling, and that complainants having objection to any course of procedure should submit the same to said Board, and, if such objection be not well taken, and the final order of the Board is unsatisfactory by reason thereof, or for any other reason, the remedy is by appeal as provided for in the statute.

It is unnecessary to consider other grounds set forth in the motions.

The motions to dismiss are granted, and it is ordered that complainants' complaint be, and the same hereby is, dismissed.