### DURKIN et al. v. MURRAY et al.
### Civ. A. No. 5376–49.

United States District Court
District of Columbia.

Feb. 6, 1950.

Neuburger, Shapiro, Rabinowitz & Boudin, New York City, Leonard B. Boudin, New York City, and David Rein, Washington, D. C., for plaintiff.

Arthur J. Goldberg, Thomas E. Harris, David E. Feller, Washington, D. C., for defendant.

MATTHEWS, District Judge.

This is an action for a declaratory judgment and for injunctive relief. The matter is now before the Court on plaintiffs' motion for a preliminary injunction and defendants' motion to dismiss.

It is alleged in the Complaint that the Congress of Industrial Organizations (hereinafter referred to as CIO), a federation of independent unions, is attempting to expel from its ranks the United Office and Professional Workers of America, CIO (hereinafter referred to as UOPWA); that the grounds for expulsion as well as the expulsion procedures are unlawful, and that UOPWA will suffer immediate and irreparable injury in the absence of judicial intervention.

It appears that at the 1949 Convention of the CIO its Constitution was amended to provide as follows:

"Article IV. Section 4. No individual shall be eligible to serve either as an officer or as a member of the Executive Board who is a member of the Communist Party, any fascist organization, or other totalitarian movement, or who consistently pursues policies and activities directed toward the achievement of the program or the purposes of the Communist Party, any fascist organization, or other totalitarian movement,

rather than the objectives and policies set forth in the Constitution of the CIO."

\* \* \* \* \* \*

"Article IV. Section 10. The Executive Board shall have the further power, upon a two-thirds vote, to revoke the Certificate of Affiliation of or to expel or to take any other appropriate action against any national or international union or organizing committee the policies and activities of which are consistently directed toward the achievement of the program or the purposes of the Communist Party, any fascist organization, or other totalitarian movement, rather than the objectives and policies set forth in the Constitution of the CIO. Any action of the Executive Board under this section may be appealed to the Convention, provided, however, that such action shall be effective when taken and shall remain in full force and effect pending the appeal."

\* \* \* \* \* \*

"Article III. Section 6. National or international unions and organizing committees may not be suspended or expelled except upon a two-thirds vote at the Convention, or, without limitation on the foregoing powers of the Convention, by a two-thirds vote of the Executive Board in the cases specified in Section 10 of Article VI. This provision may not be amended except by a two-thirds vote at the Convention."

\* \* \* \* \* \*

Following the Convention charges were filed against UOPWA that the policies and activities of UOPWA "are consistently directed towards the achievements of the program or the purposes of the Communist Party rather than the objectives and policies set forth in the Constitution of the CIO, in violation of Article VI, Section 10 of the CIO Constitution." Subsequently the Executive Board of the CIO authorized Philip Murray to appoint a Committee of Executive Board members to conduct a hearing upon the charges against UOPWA, and to make a report to the Executive Board recommending appropriate action. Accordingly such Committee was named by Murray and approved by the Board. Notice of the charges and of the time and place of the hearing was given by the Com-

mittee to UOPWA and representatives of UOPWA were invited to attend the hearing and present testimony. The Committee described its function as "simply to investigate whether the UOPWA has in fact consistently pursued policies and activities directed toward the achievement and the purposes of the Communist Party and to make appropriate report to the Executive Board." The hearing before the Committee took place in Washington, D. C., on December 19, 1949, both supporters and opponents of the charges being heard. On December 20, 1949, the day after the Committee hearing, the UOPWA instituted this action to enjoin any further CIO proceedings on the charges against UOPWA.

■ It is well settled that Courts will not ordinarily interfere with the internal management and administration of trade unions. A plaintiff to bring himself within the exceptions to the rule must show that he has first exhausted his remedies in the tribunals of his organization as provided by its Constitution. Fish v. Huddell, et al., 60 App.D.C. 263, 51 F.2d 319.

■ The complaint in this cause indicates that UOPWA has not been suspended or expelled. The Executive Board of the CIO has not as yet acted on the charges against the UOPWA. The Board may vote to exonerate the UOPWA. On the other hand, if the Board by the requisite two-thirds vote expels UOPWA then the right to appeal to the Convention is given to UOPWA under the CIO Constitution. Thus it is clear that plaintiffs have not exhausted their administrative remedies within the CIO. Plaintiffs seek to justify their failure to exhaust their remedies within the CIO by concluding and alleging in their complaint that the CIO had no right to amend its Constitution to provide for expelling a union for devoting itself to the program of the Communist Party rather than the objectives of the CIO; that the UOPWA's certificate of affiliation with the CIO constitutes a compact barring the revocation of that certificate and that the expulsion procedures are improper or illegal. It does not appear to the Court from

the Complaint and from plaintiffs' exhibits that such conclusions are warranted.

The motion for a preliminary injunction will be denied and the motion to dismiss will be granted.