AVIN v. VERTA.

No. 1493.

Municipal Court of Appeals for the District of Columbia.

Argued May 24, 1954.

Decided June 21, 1954.

Rehearing Denied July 8, 1954.

Charles S. Geier, Washington, D. C., for appellant.

James C. Gregg and Fred R. Case, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant, alleging that she sued both in her personal capacity and as a member of and on behalf of the District of Columbia Table Tennis Club, filed a complaint, entitling it as one for interference with property and membership rights and illegal suspension and expulsion. Appellee was named as sole defendant, it being alleged that he was sued both in his personal capacity and as President of the District of Columbia Table Tennis Club. The complaint asked (1) damages of $2,800 to compensate appellant "for the grievous damages sustained by her"; (2) that appellee be required to return to the treasury of the Club the sum of $133 which it was alleged he had caused to be wrongfully expended; (3) that appellee be enjoined from "perse-vering directly, or indirectly through others, in his improper conduct"; and (4) that appellee be ordered to take certain steps "to as far as possible, make the plaintiff whole from the injury inflicted upon her."

The complaint involves the affairs of the District of Columbia Table Tennis Club, an unincorporated club or association, and complains at great length of the action of appellee in the conduct of the affairs of the club and the expulsion of appellant from membership.

The trial court dismissed the complaint without prejudice and with leave to file an amended complaint. Appellant refused to amend and brought this appeal. Appellee contends that since the order permitted the filing of an amended complaint it was not a final and appealable order. We do not agree. We have held that when a complaint is dismissed with leave to amend, "the party whose complaint is dismissed has the election to amend or to stand on his pleading. If he elects not to amend, final judgment is entered and from that judgment an appeal may be taken." Cockrell v. First Federal Savings & Loan Ass'n, D.C. Mun.App. 33 A.2d 621, 624. Although it appears that in the present case no final judgment of dismissal was entered, it is plain that plaintiff by taking this appeal elected not to amend and the dismissal became final. We think it would be a useless thing to dismiss this appeal for lack of formal judgment of dismissal, and thereby compel appellant to ask the trial court to enter judgment against her, note an appeal from that judgment, and then bring up the same case which is now before us.

Turning to the merits, we are convinced that the trial court was correct in dismissing the complaint for failure to comply with Municipal Court Rule 8, which, like Fed.Rule Civil Procedure 8, requires that a complaint shall contain a short and plain statement of the pleader's claim, in simple, concise, and direct averments. Failure to comply with that rule is ground for dismissal. Condol v. Baltimore & O. R. Co., 91 U.S.App.D.C. 255, 199 F.2d 400;

McCann v. Clark, 89 U.S.App.D.C. 166, 191 F.2d 476.

The complaint in the instant case is neither short nor plain. It is replete with the pleader's characterizations and conclusions, such as "priceless, health-giving enjoyment", "the night's foul deed," "malicious, unjustified actions," "illegal exaction," "repressive practice," etc. Although one wrongfully expelled from a private organization may on proper showing obtain relief in court (Berrien v. Pollitzer, 83 U.S. App.D.C. 23, 165 F.2d 21), courts ordinarily will not interfere with the management and internal affairs of a voluntary association. Fish v. Huddell, 60 App.D.C. 263, 51 F.2d 319; Green v. Obergfell, 73 App.D.C. 298, 121 F.2d 46, 138 A.L.R. 258, certiorari denied, 314 U.S. 637, 62 S.Ct. 72, 86 L.Ed. 511. Apparently appellant wishes the court to pass upon the past, present and future policies of the club. These are matters for determination by the club membership and not by the court. If appellant has a legal grievance she should have stated it clearly, simply and directly. This she did not do and the trial court properly dismissed the complaint.

Affirmed.