**David Meade PEEBLES, Appellant,**

v.

**Robert I. RUDOLPH, Appellee.**

**No. 1758.**

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 20, 1956.

Decided March 15, 1956.

David Meade Peebles, appellant, pro se.

Samuel Z. Goldman, Washington, D. C., with whom Joseph D. Bulman, Sidney M. Goldstein and Arthur S. Feld, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal is from an order dismissing a complaint for not being sufficiently specific and for failure to state a claim upon which relief could be granted.

From the complaint, four pages in length, and its ten exhibits, it appears that appellant was indebted to Esso Standard Oil Company and Esso placed the delinquent

---

4. Swank v. Jordan, supra; see also Annotation, 43 A.L.R.2d 1282.

account in the hands of a collection agency which forwarded it to appellee, a practicing attorney. The amount of the claim was $942.15 and appellant appears never to have denied owing it, though on at least two occasions he expressed a belief that certain overcharges had been made by Esso. After the attorney had demanded payment appellant wrote to him, inquiring "just what amount of cash you will accept for your fee based on Esso receiving at once a check for $942.15." The attorney replied that the amount of the claim was $942.15 and that if that amount was forwarded, "it will not be necessary that you pay any attorney's fees." Appellant then sent two checks to the attorney, one for $942.15 payable to Esso and one for $94.22 payable to the attorney. Appellant's letter accompanying the checks stated: "These two checks are being sent with the understanding that if either or both of them are cashed that the larger check will cover the Esso Standard Oil Company account in full and that the smaller check will be accepted by you and or your connections as full payment for all legal and or similar services in connection with this matter and that the Esso Standard Company will not be required to pay and as a matter of fact will not pay you and or your connections any additional funds in connection with collecting this account. * * * If the checks which I have enclosed are not acceptable then I would thank you to return the same and advise of any proposition which you think would be fair."

The attorney in his representative capacity cashed the larger check and returned the smaller one to appellant. Appellant then brought this action against the attorney for $942.15, alleged to have been "illegally collected," for $500 for loss of "Good Will" and "Prestige," and for $1,000 exemplary damages.

Appellant's grievance seems to be that he was not allowed to fix and pay the fee of Esso's attorney, for he says in his brief that his purpose in sending the two checks was to see that Esso was paid the full amount it claimed and that in addition the attorney receive a "reasonable" fee. At the hearing before the trial court appellant stated he desired to pay the attorney's fee because he did not want Esso "to be mad with me."

■ We think the complaint was properly dismissed. It was in complete violation of the trial court's Civil Rule 8 which requires that a complaint contain a "short and plain statement of the claim" and that each averment of a pleading be "simple, concise, and direct." Failure to comply with that rule is ground for dismissal. Avin v. Verta, D.C.Mun.App., 106 A.2d 145. Viewed in its most favorable light the complaint is a confusing recital of evidentiary matter making uncertain whether appellant's claim, if he has one, sounds in tort or contract. As we said in Avin v. Verta, supra, one who has a legal grievance should state it clearly, simply and directly, and failure to do so warrants a dismissal.

Affirmed.