**Wayne HUME, Appellant,**

v.

**BRICKLAYERS, MASONS AND PLASTERERS INTERNATIONAL UNION OF AMERICA, LOCAL NO. 23 OF TEXAS, Appellee.**

**No. 7193.**

Court of Civil Appeals of Texas. Amarillo.

Nov. 19, 1962.

Rehearing Denied Jan. 7, 1963.

William J. Gillespie, Lubbock, for appellant.

Campbell, Brock, Wright & Waters, Lubbock, for appellee.

NORTHCUTT, Justice.

This is a suit brought by appellant, Wayne Hume, against appellee, Bricklayers, Masons and Plasterers International Union of America, Local No. 23 of Texas, wherein appellant asked for a temporary restraining order restraining the Union and its agents and servants from interfering with appellant by way of threats, personal violence, intimidations, or other illegal means calculated to prevent or interfere with appellant's employment during the pendency of the suit. The appellant further prayed for damages against the appellee Union. It is to be noticed that none of the agents or servants or members of the Union are sued personally but the suit is solely against Local No. 23.

■ The appellee filed a plea in abatement and a plea to the jurisdiction of the district court. The trial court sustained both pleas and dismissed the suit with prejudice. From this judgment the appellant perfected this appeal. The appellant perfected this appeal upon one point of error as follows: "The trial court materially erred in sustaining appellee's plea in abatement and plea to the jurisdiction of the court in dismissing the appellant's suit with prejudice."

Rule 418, Texas Rules of Civil Procedure, provides that point of error is sufficient if it directs attention of the court to the error relied upon. This assignment does not call to our attention in what manner the court materially erred other than to say the court erred in dismissing the suit. We think this point is insufficient to direct our attention to the particular reason the appellant contends the court erred. Missouri-Kansas-Texas Railroad Co. of Texas v. McFerrin et al., 156 Tex. 69, 291 S.W.2d 931 at 941. However, we will attempt to discuss the matters which we think are involved herein. After assigning the point of error above mentioned, the appellant then proceeds in the statement and argument to contend there can be no question as to the jurisdiction of the trial court in a suit for damages coupled with an injunction, then proceeds, after making such statement, to relate matters concerning the action of the defendant in assessing a fine against the appellant and because of such action of the Local Union the appellant brought this action for damages and for temporary injunction pending the final hearing.

A restraining order had originally been granted and a hearing was thereafter had as to whether an injunction should issue. The trial court after such hearing, dissolved the restraining order and denied a temporary injunction and no objection or appeal was taken from this order. Defendant's plea in abatement and plea to the jurisdiction was based upon three separate reasons. If the pleas were good under either one of the three separate reasons alleged, then the court correctly sustained such pleas.

■ Under this record the only action ever taken in this matter by the defendant, appellee herein, concerns the assessing of a fine against the appellant. The constitution and rules of the Union provide the steps to be taken before a fine may be assessed against a member. The undisputed record herein shows that each of the steps required were complied with and that the appellant refused to pay the fine and did not exhaust the remedies provided to him under the constitution and rules of the Union before filing this suit. There is no question here that appellant would have suffered some delay if he had been compelled to have exhausted his remedies within the order. Before appellant would be permitted to resort to the courts for any relief he might have had, he was bound to exhaust the remedies provided under the constitution and rules of the Union. It is stated in Grand International Brotherhood of Locomotive Engineers et al. v. Marshall et al., Tex.Civ.App., 146 S.W.2d 411 (writ refused) as follows:

"The appellees by becoming members of the association and accepting its benefits impliedly bound themselves to abide by its decisions in the determination of disputes arising within the society and were bound to exhaust the remedies provided for therein before resorting to the courts for relief. 5 Tex.Jur. 142; 6 Tex.Jur. 430; 5 C.J. 1364; 7 C.J.S. Associations, § 34; 7 C.J. 1116, 10 C.J.S. Beneficial Associations, § 65; Screwmen's Benefit Ass'n v. Benson, 76 Tex. 552, 13 S.W. 379; Sawtell v. Feser, Tex.Civ.App., 235 S.W. 960; Grand Lodge Colored K. P. [of Grand Jurisdiction of Texas] v. Sanford, Tex.Civ.App., 289 S.W. 456; Fraser v. Buck, Tex.Civ.App., 234 S.W. 679; Crisler v. Crum, 115 Neb. 375, 213 N.W. 366; Henry v. Twichell, 286 Mass. 106, 189 N.E. 593."

See also Fish v. Huddell et al., 60 App. D.C. 263, 51 F.2d 319; Grand International Brotherhood of Locomotive Engineers et al. v. Wilson et al., Tex.Civ.App., 341 S.W. 2d 206 (NRE).

Since appellant did not exhaust the remedies provided to him under the constitution and rules of the Union before bringing this action, we think the court correctly sustained the plea in abatement and plea to the jurisdiction. Judgment of the trial court is affirmed.