**Dan WELCH and E. L. O'Neal, as Representatives of Local 2321 of the United Brotherhood of Carpenters and Joiners of America, AFL-CIO, Plaintiffs,**

v.

**Duey E. BRECKENRIDGE, as a Representative of Local 891, United Brotherhood of Carpenters and Joiners of America, AFL-CIO, and as a Representative of the United Brotherhood of Carpenters and Joiners of America, AFL-CIO, Defendants.**

No. 1106.

United States District Court
W. D. Arkansas,
Hot Springs Division.

May 7, 1968.

Robert W. Faulkner, Malvern, Ark., for plaintiffs.

McMath, Leatherman, Woods & Youngdahl, Little Rock, Ark., for defendants.

## OPINION

JOHN E. MILLER, Senior District Judge.

There is before the court a motion for summary judgment filed by the defendants and the response of plaintiffs in opposition to the motion.

Memoranda have been submitted by the parties in support of their respective contentions. Rule 56(c), Fed.R.Civ.P., as amended Jan. 21, 1963, effective July 1, 1963, provides:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The complaint of plaintiffs was filed on November 20, 1967, in the Chancery Court of Hot Spring County, Arkansas, in which plaintiffs prayed for an injunction enjoining the defendants from denying that the jurisdiction of the Jones Mills area is in Local 2321 and that it shall remain there at least until the General Convention in 1970, and that the said defendants be enjoined "from any acts, deeds, or words that would prevent Local 2321 from having exclusive jurisdiction of the Jones Mills area until said time; and for all other and further relief that the court might deem proper."

It was duly and timely removed to this court on December 7, 1967. The court has jurisdiction pursuant to 29 U.S.C.A. § 185(a). See Parks v. International Brotherhood of Electrical Workers (4 Cir. 1963) 314 F.2d 886. The answer of the defendants was filed on the same date, in which they denied the allegations of the complaint, and alleged that State Local 1674 had prior notice from the United Brotherhood of Carpenters and Joiners of America, AFL–CIO, that the jurisdiction of the Jones Mill, Ark., area was being transferred to Local 891, United Brotherhood of Carpenters and Joiners of America, AFL–CIO; that the General President had the power to assign the jurisdiction of Jones Mills area to Local 891, and that the action of the General President was reasonable and prudent.

On March 25, 1968, the parties had taken no action to prepare the case for trial, and on that date a pretrial conference was held at Hot Springs, Arkansas. The issues were discussed and the court stated that in its opinion the issues, as reflected by the pleadings, could possibly be disposed of by motion for summary judgment. The defendants filed their motion on March 27, 1968.

Prior to November 20, 1967, Local Union 1674 of the United Brotherhood of Carpenters and Joiners of America, AFL–CIO, was merged with Local 2321, but the date of the merger is not shown by the record other than it occurred prior to the filing of the complaint of plaintiffs. The territorial jurisdiction of Local 1674 prior to its merger consisted generally of Hot Spring County, and Lo-

cal 2321 is now the successor of all rights, title and interest of the former Local 1674.

After the submission of the original memorandum briefs by the parties, the court on April 12, 1968, addressed a letter to the attorneys for the parties, in which the court suggested that it should be supplied with (1) the report of the examiner upon which the General President acted; (2) a transcript of the hearing held by the Committee; and (3) a copy of the report submitted by that Committee to the General Executive Board.

On April 20, 1968, the defendants filed a supplement to the motion for summary judgment and attached thereto office copies of letters from various officials outlining the action that had been taken.

On April 30, 1968, the plaintiffs filed a supplement to their response to the motion for summary judgment, and attached thereto certain letters from former members of Local 1674 and now members of Local 2321. The letters are a portion of the official file of the parties kept in the usual course of business.

The court has examined the letters, and is convinced that no justiciable issue exists at this time between the plaintiff and the defendants, and that the alleged transfer of territory from Local 1674 to Local 891 was within the power of the General President of the United Brotherhood of Carpenters and Joiners of America, AFL–CIO. Paragraph J, § 10, and § 6 of Constitution of the United Brotherhood.

On October 15, 1966, the General Representative of the national union wrote the General President, setting out certain facts upon which he recommended that the territory in question be assigned to Local 891. To this letter a representative of the General President wrote the General Representative, Frederick N. Bull, on October 19, 1966, as follows:

"In view of the information which you submit, which is to the effect that Local Union No. 1674 is not policing this job in a proper manner, I concur in your recommendation, and request that you inform Local Union No. 891 that this project is now under their jurisdiction.

"Local Union No. 1674 will be so informed by this office."

On October 27, 1966, the Recording Secretary, and the President of Local 1674 advised Finlay C. Allan, representative of the General President, that they objected to the transfer. On November 21, 1966, Mr. Bull, the General Representative, wrote the General President in reply to the objection made by the Recording Secretary and the President of Local 1674, reiterating his recommendation and stating reasons therefor.

On November 28, 1966, Mr. Allan for the General President, wrote the Recording Secretary of Local 1674, and advised him that the General President had reviewed the matter and had decided "that jurisdiction over this work shall remain with Local Union No. 891 of Hot Springs, Ark."

The decision of the General President was appealed to the General Executive Board of the national union. On January 11, 1967, J. O. Mack, a member of the General Executive Board wrote Mr. Allan, First Vice President and Assistant to the General President, advising him that the General Executive Board had heard the appeal on January 4, 1967, at a meeting in Hot Springs, Arkansas, attended by James H. Carodine, Business Representative, and E. L. O'Neal, former President of discontinued Local 1674. The charges made by the representatives of Local 1674 were set forth in the letter, and the letter concluded with the recommendation that:

"The decision of jurisdiction giving the Jones Mill area to Local Union No. 891, Hot Springs, Arkansas, stand."

The members of Local 1674 were not satisfied and asked for a rehearing, and former President of Local 1674, James H. Carodine, who apparently became President of Local 2321 upon the consolidation of Local 1674 and Local 2321, was advised by the General Presi-

dent that he would appoint a subcommittee of the General Executive Board to review the case and to make their recommendation, and "if you wish to appear before this subcommittee, you may do so and we will arrange for the conference to be held in the General Office on Tuesday, April 4, 1967, at 10 a. m." The letter further stated:

"In presenting your position, it will be necessary that you have a drawn-up brief so that it will go into the record. Of course, you would then be in a position to discuss the matter orally if you wish."

The hearing before the subcommittee was held on April 4, 1967, in the Carpenters Building, 101 Constitution Avenue, N. W., Washington, D. C. On April 7, 1967, Mr. Carodine, then President of Local 2321, was advised by R. E. Livingston, Secretary of the General Executive Board, of the proceedings had by the subcommittee. In the letter it was stated:

"The subcommittee reviewed the General Office file in its entirety as was available when First General Vice President Finlay C. Allan made his decision and further asked Business Representative James H. Carodine if, in his opinion, he was offering any new material in his presentation that was substantially different from what was contained in the file. Brother Carodine in his concluding remarks stated he had not submitted anything new and thanked the committee for hearing all of his arguments.

"Your subcommittee after hearing all the arguments pro and con, can see no valid reason for changing the decision rendered by First General Vice President Finlay C. Allan, and therefore, we would recommend that juridictional award to Local Union 891, Hot Springs, Arkansas, be sustained and the appeal dismissed."

"After examining the exhibits and the protest of Local Union 2321, it was moved, seconded and carried that the decision of the First General Vice President Finlay C. Allan be sustained."

The decision of the General Executive Board has been appealed to the General Convention of the international union. The convention will not convene until 1970, and plaintiffs allege in their complaint that, although the decision will be reviewed by the general convention in 1970, irreparable harm will have been done to Local 2321 and to individual members thereof, partly due to a very large construction project which is underway now and will continue for approximately four years in the affected area.

In paragraph 7 of the complaint the plaintiffs alleged that the international union acted "arbitrarily, unfairly and fraudulently in removing the Jones Mills territory from the jurisdiction of Local 1674 (now Local 2321). That this action was an abuse of power and discretion of the International Union." In the opinion of the court the record does not show any arbitrary action by any of the officials of the International Union. On the other hand, the record shows that the officials whose duty it was to make the decision acted fairly and strictly in accordance with the constitution and by-laws of the United Brotherhood of Carpenters and Joiners of America. The plaintiffs were given full and complete hearings even though they have not exhausted their remedies within their organization as provided by their constitution.

In 6 Moore's Federal Practice, 2d Ed., p. 2435, § 7, in the discussion of Rule 56, Fed.R.Civ.P., after quoting the provisions of subsection (c), it is stated:

"In addition the court may consider: oral testimony; facts that are subject to judicial notice; stipulations; concessions of counsel; and any additional materials that would be admissible in evidence or otherwise usable at trial. And legal presumptions may be drawn. The court is not, however, to draw factual inferences in favor of the moving party."

In Fish v. Huddell (1931), 60 App.D. C. 263, 51 F.2d 319, the court at page 320 stated:

"It is well settled that with such management and administration the courts will not ordinarily interfere." (Citing cases.)

The court further held that parties such as the plaintiffs must show that they have exhausted their remedies in the tribunals of their organization as provided by its constitution and general laws.

In Reigel v. Harrison (6 Cir. 1946), 157 F.2d 140, the court held:

"A trade union vice grand president, who was given opportunity to be heard and defend himself against charges of dishonesty for which he was removed from office, could not maintain action for restoration to office on ground that he had been deprived of due process of law, where he had not exhausted his remedies within the union as required by union constitution."

Cert. denied, Jan. 6, 1947, 329 U.S. 800, 67 S.Ct. 493, 91 L.Ed. 684. See Local 33, Int. Hod Carriers, etc. v. Mason Tenders, etc. (2 Cir. 1961), 291 F.2d 496.

Durkin v. Murray (D.C.D.C.1950), 90 F.Supp. 367, on page 368, approved and followed Fish v. Huddell, supra, and said:

"It is well settled that Courts will not ordinarily interfere with the internal management and administration of trade unions. A plaintiff to bring himself within the exceptions of the rule must show that he has first exhausted his remedies in the tribunals of his organization as provided by its constitution." (Citation omitted.)

The court further stated that if "OUP-WA" were subsequently expelled, "then the right to appeal to the convention is given to "UOPWA" under the CIO constitution. Thus, it is clear that plaintiffs have not exhausted their administrative remedies within the CIO."

Under the facts and applicable law the court is of the opinion that the com-

plaint of plaintiffs should be dismissed and the motion of defendants for summary judgment should be sustained.

A judgment in accordance with the above is being entered today.