CONDOL v. BALTIMORE & O. R. CO. et al.

No. 11208.

United States Court of Appeals
District of Columbia Circuit.

Argued April 15, 1952.

Decided Oct. 2, 1952.

Patrick J. Taft, Washington D. C., for appellant.

Stephen Ailes, Washington, D. C., with whom Guy Farmer, Washington, D. C., was on the brief, for appellee, Baltimore & O. R. Co.

James A. Cobb, Washington, D. C., for appellee, United Transport Service Employees of America. George E. C. Hayes, Washington, D. C., also entered an appearance for appellee, United Transport Service Employees of America.

Before WILBUR K. MILLER, FAHY and WASHINGTON, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

On December 29, 1944, the Baltimore & Ohio Railroad Company suspended William Condol, a dining car waiter, for alleged misconduct. Hearings were conducted in accordance with the grievance procedure of the contract between the railroad company and the Dining Car Employees Union, an affiliate of the American Federation of Labor. Thereafter, by letter dated February 5, 1945, the manager of the B. & O. dining car department discharged Condol. His appeal under the grievance procedure to a higher railroad official was denied February 14, 1946. Some two years later he filed a complaint with the National Railroad Adjustment Board, as permitted by § 3 of the Railway Labor Act, 45 U.S.C.A. § 153, but withdrew it shortly after filing.

This action for damages for wrongful discharge was filed by Condol October 6, 1948, against the railroad and the AFL local union, and against the United Transport Service Employees, a local union affiliated with the Congress of Industrial Organizations, which on October 31, 1945, had supplanted the AFL local union as the dining car waiters' bargaining agent. Default judgments were entered against the two unions, when neither answered; but that against the CIO local was later set aside and the union filed an answer. The case proceeded to trial and, at the conclusion of the evidence, the court peremptorily instructed the jury to find for all three defendants. This appeal challenges the correctness of that action.

The trial judge delivered an opinion stating his reasons for directing a verdict. He found there was no evidence showing the railroad company acted arbitrarily or in bad faith in discharging Condol, and that, as he was dismissed February 5, 1945, the statute of limitations, § 12–201, D.C.Code 1940, barred this suit filed more than three years later. As to the AFL local union, against which a default judgment had been entered, the judge held there was no proof of damage. As to the CIO local union, he held the evidence showed Condol was not a member, was not eligible for membership, and was not entitled under the statute to claim the aid of the union in his controversy with the company.

The appellant says all these views of the trial judge were erroneous and that there was sufficient evidence to take the case to the jury as against all defendants.

■ The District Court would have been justified in dismissing the complaint for failure to comply with subsections (a) and (e) (1) of Rule 8 of the Federal Rules of Civil Procedure,[1] which require a pleading to contain a short and plain statement of the pleader's claim in simple, concise and direct averments. McCann v. Clark, 1951, 89 U.S.App.D.C. 166, 191 F.2d 476. Con-

dol's complaint fills twelve pages of the printed appendix which is before us and contains 45 numbered paragraphs. It is a tedious recital of evidential matter and falls far short of being the crisp statement which the Rule requires. In a case as simple as this one, there is no justification for such a complaint and a defendant should not be required to plead to it. Pretrial procedure may produce an order which simplifies the situation, but a pretrial order is not a substitute for compliance with the Rule's requirements. When the District Court is presented with a complaint which offends the Rule, it should order the pleading to be recast in appropriate form, on pain of dismissal. Here the trial judge noted that the complaint did not measure up to the Rule but, as he did not dismiss it for that reason we pass to the other questions.

■ It was proper to direct a verdict for the railroad company because the action was not filed within the period of limitation. Condol's cause of action, if any, arose when he was discharged by the letter of February 5, 1945, and no later; his subsequent appeal under the grievance procedure did not toll the running of the statute. A railroad employee is not required to seek an adjustment of his controversy with the railroad company under the terms of the Railway Labor Act[2] before suing for damages for wrongful discharge. Contrary to the usual rule, he need not first exhaust his administrative remedy. Slocum v. Delaware, L. & W. R. Co., 1950, 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795; Moore v. Illinois Central R. Co., 1941, 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089. As the action against the B. & O. was barred by the statute of limitations, we need not decide whether there was evidence to go to the jury on the question of wrongful discharge.

■■ We seriously doubt that the complaint stated a cause of action against either of the two unions. It charged them with wrongfully failing and refusing to represent Condol in his appeal under the grievance procedure, and concluded that such failure and refusal caused him to lose his employment and the earnings and other

benefits incident to it. It is somewhat difficult to regard that allegation and conclusion as a statement of a cause of action for the reason that, even under the liberal new Rules of Civil Procedure, a complaint should at least indicate how the act or omission charged to the defendant caused the plaintiff's alleged injury or damage. But, if the complaint be thought sufficient as against the two unions, the district judge correctly directed the jury to find for them because there was no evidence that they failed or refused to represent him. Throughout the original hearings and throughout the administrative appeal, Condol was represented by, and had active aid from, a fellow employee who was a member of each union during the period it acted as bargaining agent. The contract between the union and the railroad company did not entitle him to any more than that.

Affirmed.