Bess O'Melveny MacMAUGH, Appellant,

v.

Mrs. David BALDWIN, Appellee.

No. 13334.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 9, 1956.

Decided Nov. 23, 1956.

Mr. Mark P. Friedlander, Washington, D. C., for appellant.

Mr. Stephen G. Ingham, Washington, D. C., for appellee.

Before FAHY, BASTIAN and BURGER, Circuit Judges.

Mr. George Herbert Goodrich, Washington, D. C., for appellant.

Mr. John P. Arness, Washington, D. C., with whom Mr. George D. Horning, Jr., Washington, D. C., was on the brief, for appellee.

Before PRETTYMAN, BASTIAN and BURGER, Circuit Judges.

PER CURIAM.

██ Appellant's decedent died as the result of a fall on the stairs of appellee's summer cottage at Epping Forest, Maryland. At the pre-trial of the case, appellee moved to dismiss the complaint when it was stated by appellant's counsel that substantially all the evidence available as to liability was that set forth in the deposition of appellant, including the photographic exhibits. This testimony was simply to the effect that decedent had started down the stairs; that, although she did not see him on the stairs, appellant heard the decedent fall when he was near the bottom of the stairs. The cause of the fall was not testified to.[1]

Appellee urges several grounds for affirmance, among them that the decedent was a social guest and, by that reason, a gratuitous licensee and thus no liability was imposed on appellee for ordinary negligence; that the cause is barred by the statute of limitations; and that there was no evidence of any negligence which caused the injury from which decedent allegedly died.

Without passing on the question of the relationship of the parties or the statute of limitations, we dispose of the case on the ground that there was no showing of any negligence. As we said in Reece v. Capital Transit Co., 97 U.S.App.D.C. 274, 230 F.2d 824:

"The evidence left the cause of Mrs. Reece's fall so uncertain that the jury should not have been permitted to speculate that her injuries were attributable to the appellee's negligence."

██ Here the cause of the fall was uncertain, and the court quite properly declined to permit the jury to speculate that the fall was attributable to appellee's negligence.

Affirmed.

---

1. The judgment in the case read: "This cause came on for pre-trial proceedings and in consideration of the complaint, the plaintiffs' pretrial statement, the oral deposition of the plaintiff, six photographs, the statement by counsel for the plaintiff that these items constitute substantially all the evidence available and oral argument of counsel, *it appearing to the court that the complaint fails to state a claim upon which relief can be granted,* it is by the Court this 6th day of March, 1956 ordered that the complaint be, and the same is hereby dismissed." [Italics supplied.]

Under the circumstances of this case, the order should not have stated "that the complaint fails to state a claim upon which relief can be granted" because it is plain that the complaint itself, standing alone, does state such a claim. However, on the whole record we read this order not as predicated on infirmities of the complaint but upon the pleadings, pre-trial statement, deposition, exhibits and statement of counsel. The order should have recited that upon consideration of the matters mentioned no cause of action was shown.

Cf. Callaway v. Hamilton Nat. Bank of Wash., 1952, 90 U.S.App.D.C. 228, 195 F.2d 556.