**Cornelius BIAGGI, Agnes Biaggi,**
**Appellants,**

v.

**GIANT FOOD SHOPPING CENTER,**
**Appellee.**

**No. 13310.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 25, 1957.

Decided May 16, 1957.

Mr. William T. Ward, Washington, D. C., for appellant. Mr. Louis A. Fernandez, Washington, D. C., also entered an appearance for appellants.

Mr. Francis L. Casey, Jr., Washington, D. C., for appellee.

Before WILBUR K. MILLER, BASTIAN and BURGER, Circuit Judges.

BASTIAN, Circuit Judge.

This appeal arises from the grant by the District Court of appellee's motion made at pre-trial to dismiss for failure to state a cause of action. This action was filed to recover damages for injuries alleged to have been sustained when a carton of tissue fell upon the male appellant while he was working in appellee's store. The facts as disclosed at pre-trial were as follows:

The male appellant (hereinafter referred to as appellant) was employed by a painting contractor who was engaged to paint a store operated by appellee. The painting was done at night after the store was closed to the public, and had been going on for approximately ten nights preceding the injury. Appellant was directed to paint a sliding door between a stockroom and the public part of one of appellee's supermarkets. This door was suspended from a trolley and, when open, was recessed along the inner wall of the stockroom. Another painter, a co-worker of appellant, had applied the first coat of paint to this door the previous night and appellant was applying the final coat. After he had finished, appellant was bending or kneeling down to put a wedge under the door, which was at that time recessed (open). While so engaged, the box of tissue, weighing approximately sixty-nine pounds, struck him on his head and shoulders.

In a deposition taken before the pre-trial conference, appellant stated the facts set forth above. In addition, he stated that he had no idea where the box was located nor what caused it to fall. He said that the stockroom was adequately lighted, that the painters had kept their supplies and materials in the stockroom while engaged in painting the room, that he did not know whether any of his co-workers had moved or handled the boxes stored on the shelves near the door he had painted, and that there was, on the night in question, clearance between those boxes and the sliding door. Appellant was shown a photograph, which he identified as being of the area of the stockroom adjacent to the sliding door. This photograph showed two rows of cartons neatly and evenly stored on a shelf. Appellant, when asked if the boxes were stored in the same manner on the night of his injury, replied in the affirmative. Later he asserted that he had not noticed that any of the boxes extended beyond the edge of the shelf or beyond the edge of the box on which it was stacked.

At the pre-trial conference appellants' attorney reiterated that appellants did not know how the accident occurred, that they knew only what was alleged in their complaint, and that they were relying on the doctrine of *res ipsa loquitur*.

The trial judge's order granting appellee's motion to dismiss recites that the order was based on "the record herein, the deposition of the male plaintiff, the argument of counsel and the plaintiffs' admitted inability to allege that their injuries were the result of any specific act of negligence imputable to the defendant, and the inapplicability of the doctrine of *res ipsa loquitur*. * * *"

We recognize that there is a technical or inadvertent error in the order of the District Court insofar as it infers that the complaint itself was defective. In MacMaugh v. Baldwin, 99 U.S.App.D.C. 247, 239 F.2d 67, 68, where the circumstances and order were essentially the same as in the present case, we said the order should not have stated that the complaint failed to state a cause of action, and that "[the order] should have recited that upon consideration of the matters mentioned no cause of action was shown." The order in the instant case should have read substantially the same as in MacMaugh.

Appellant concedes that he did not know "from where [the box] fell" or

the cause of its falling, and that he did not observe any irregularity in the position of the boxes. It is clear that no showing of specific negligence was made which could be the basis for recovery. We do not believe that the doctrine of *res ipsa loquitur* applies to the facts and circumstances of this case.

■■ The applicability of this doctrine must depend upon the peculiar facts and circumstances of each individual case; consequently, no rule of general application can be laid down nor any exact classification made as to when it may or may not be properly applied. In each of the cases in this court relied upon[1] by appellant, the facts are completely different from those presented here, and we cannot regard those cases as support for applying the doctrine in the instant case. To the extent that they hold that the doctrine *may* be applied when the instrumentality causing injury is not in the exclusive control or management of the defendant, the cases relied on still do not dispose of the instant case. The general rule that the defendant be in *exclusive* control before the doctrine is applicable still subsists. Exceptions to that general rule have been made where justice and the policy underlying *res ipsa loquitur* require. With such exceptions in proper cases we have no quarrel.

■ Here, appellant and his co-workers had been working in and around the stockroom for approximately ten days. The possibility, indeed the probability, that they had caused, knowingly or unknowingly, some rearrangement in the storage or placement of the boxes is such as to negate exclusive control on the part of appellee. Nor is there any basis in justice or policy to waive exclusive control in this case as a condition to applicability of the doctrine. These considerations dictate our conclusion that the rule of *res ipsa loquitur* does not apply to the circumstances of this case.

Reliance by appellants on this court's decision in Pomeroy v. Pennsylvania R. Co., 1955, 96 U.S.App.D.C. 128, 223 F.2d 593, is misplaced, since that case also is not analogous on its facts. Nor is it analogous in the procedural aspects, which weighed heavily in the minds of the majority in that decision. There the District Court had granted a motion for directed verdict on plaintiff's opening statement; here plaintiff's deposition had been taken, and we have the concession therein, and at pretrial, that plaintiff did not know how the accident happened. We believe the decision in Pomeroy turned on the facts in that case and was not meant to be the basis for imputing negligence to a defendant by the occurrence of any and every accident besetting a plaintiff. See Pennsylvania R. Co. v. Pomeroy, 99 U.S.App. D.C. 272, 239 F.2d 435.

Affirmed.

1. Appellants rely on Safeway Stores v. West, 1950, 86 U.S.App.D.C. 99, 180 F. 2d 25; Washington Annapolis Hotel Co. v. Hill, 1949, 84 U.S.App.D.C. 418, 174 F.2d 157; and Washington Loan & Trust Co. v. Hickey, 1943, 78 U.S.App.D.C. 59, 137 F.2d 677. None of these cases is factually analogous to the instant case. In Safeway Stores, plaintiff was injured by the breaking of a metal coil spring attached to the door of the Safeway store she was entering as a customer; in Annapolis Hotel, plaintiff, an occupant of a room of the hotel, was injured as he sat down in a chair which collapsed; and in Washington Loan and Trust, plaintiff was injured when a window ventilator fell from an office building as she was passing the building.