**Ida May COX, Appellant,**

v.

**EPISCOPAL EYE, EAR AND THROAT HOSPITAL, a corporation, Appellee.**

**No. 2008.**

Municipal Court of Appeals for the District of Columbia.

Argued June 17, 1957.

Decided July 18, 1957.

Joseph G. Dooley, Washington, D. C., with whom Victor J. Orsinger, Washington, D. C., was on the brief, for appellant.

John L. Laskey, Washington, D. C., for appellee.

Before HOOD, and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11-776(b).

CAYTON, Acting Judge.

Before us for review is an order dismissing a complaint which charged negligence against a hospital in connection with a surgical operation.

Plaintiff originally sued two physicians as well as the hospital, but later settled her claim against the physicians and as to them the suit was entered, settled and dismissed. Soon afterwards, plaintiff filed a pretrial statement and defendant hospital moved orally to dismiss the complaint; the motion was granted, with leave to amend. An amended complaint was filed, and it was challenged by a motion to dismiss for insufficiency. The granting of that motion has resulted in this appeal.

In addition to the allegations as to jurisdiction and damages, the amended complaint recited that plaintiff was a surgical patient at the hospital operated by defendant, and,

"At the time and place aforesaid, plaintiff underwent a surgical operation and, due to the negligence of the defendant, its agents, servants and employees, plaintiff was damaged in and about her mouth, teeth and gums and has required and will require medical and dental care for a long time to come."

Applicable here are Municipal Court Civil Rules 8 and 12, which have their counterparts in the Federal Rules of Civil Procedure, rules 8, 12, 28 U.S.C.A. The rules on this subject have, since they were adopted in 1938, been construed and discussed by courts and authors on many occasions and in a variety of settings. It cannot be said that a pattern of complete unanimity is to be found in those writings. But the generally prevailing view has been accurately expressed as follows:

"* * * a complaint should not be dismissed for insufficiency *unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.* (Note 6 citing cases.) * * * Mere vagueness or lack of detail is not ground for a motion to dismiss, but should be attacked by a motion for a more definite statement." 2 Moore's Federal Practice 2245, § 12.08.

Barron and Holtzoff (1 Barron and Holtzoff, Federal Practice and Procedure 618, § 350) state it thus: "Motions to dismiss are sparingly granted and only if the averments * * * disclose with certainty the impossibility of stating and proving a claim upon which relief can be granted." The statement is supported by many case citations. Directly supporting this view is Dollar v. Land, 81 U.S.App.D.C. 28, 154 F.2d 307, affirmed 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209.

Similar expressions are to be found in 5 Cyclopedia of Federal Procedure, § 15.-502 (3d ed. 1951). And many courts have been emphatic in citing the hazards in dismissing complaints for insufficiency. See, e. g., Rennie & Laughlin, Inc., v. Chrysler Corporation, 9 Cir., 242 F.2d 208; Millet v. Godchaux Sugars, 5 Cir., 241 F.2d 264; Dutton v. Cities Service Defense Corp., 8 Cir., 197 F.2d 458. Cases cited by appellee [1] are inapposite; they deal with situations decided on the evidence, or those where it was clear as an affirmative matter that plaintiff had no right to sue, or where there was no theory on which recovery could be predicated.

Applying those tests here, we think the complaint should not have been dismissed. It is true that the complaint did not recite detailed facts constituting negligence. But that is not a strict requirement in a negligence action. Augusta Broadcasting Co. v. United States, 5 Cir., 170 F.2d 199. Indeed, counsel for appellant has said frankly, in the trial court as well as here, that he has been handicapped by the fact that his client was under anaesthesia when the injury was inflicted upon her, and that the facts will need to be developed by discovery proceedings. Appellee lays stress on the fact that appellant did not seek discovery during the year the case was pending. But it does not question appellant's statement that there were several months of settlement negotiations, resulting in settlement by the two physicians. Nor does appellee suggest that

1. Biaggi v. Giant Food Shopping Center, D.C.Cir., 244 F.2d 786; MacMaugh v. Baldwin, 99 U.S.App.D.C. 247, 239 F. 2d 67; Condol v. Baltimore & O. R. Co., 91 U.S.App.D.C. 255, 199 F.2d 400;

Felder v. D. Loughran Co., 90 U.S.App. D.C. 324, 196 F.2d 239; Goodall v. Frank R. Jelleff, Inc., D.C.Mun.App., 130 A.2d 781.

it has been prejudiced by the delay in seeking discovery.

In these circumstances dismissal should not be permitted to serve as a sanction or penalty for delay in invoking discovery. Nor is appellant's standing in court to be tested or determined by the rules which would govern if she were charged with failure of diligent prosecution. The real question is whether she is barred by her own complaint from pursuing and proving a redressable claim. That question must be answered in her favor. Further than that we do not venture. We do not know whether she can, as she suggests, make out a case of *res ipsa loquitur* or whether she can present enough evidence to get to the jury on some other theory; or whether what is developed on discovery and pre-trial may result in her being out of court. All we hold is that on the present state of the record it cannot be said with certainty that there is no theory on which she can recover.

Reversed, with instructions to set aside order of dismissal.