CITIZENS NATIONAL TRUST AND SAVINGS BANK OF RIVERSIDE, a national banking association, Plaintiff and Cross-Defendant,

v.

MUNSON EQUIPMENT, a corporation, Henry J. Munson, and Doe I and Doe II, Defendants and Counterclaimants.

MUNSON EQUIPMENT, a corporation, and Henry J. Munson, Cross-Complainants,

v.

CITIZENS NATIONAL TRUST AND SAVINGS BANK OF RIVERSIDE, a national banking association, International Harvester Company, a corporation, et al., Cross-Defendants.

International Harvester Company, a corporation, Counterclaimant.

Civ. No. 311-57.

United States District Court
S. D. California,
Central Division.

July 27, 1959.

Thurman Arnold, Jr., Palm Springs, Cal., for cross-complainants.

Pacht, Ross, Warne & Bernhard, Los Angeles, Cal., for cross-defendant International Harvester Co.

Swarner & Fitzgerald, Riverside, Cal., for cross-defendant Citizens Nat. Trust & Savings Bank of Riverside.

CLARKE, District Judge.

This action is now before the court for determination of cross-defendant International Harvester Company's motion for an order striking certain portions of cross-complainants Henry J. Munson and Munson Equipment's second amended cross-claim.

The action was originally commenced by Citizens National Trust and Savings Bank of Riverside (hereinafter "Citizens") against Henry J. Munson and Munson Equipment (the latter being a corporation owned by Munson and his wife, and hereinafter "Equipment") in the Superior Court of the State of California in and for the County of Riverside.

Munson and Equipment, pursuant to agreements with International Harvester Company, had operated dealerships in agricultural and automotive equipment manufactured by Harvester, the operation thereof being financed through Citizens. The sole subject matter of the original complaint pertained to the right to possession of certain equipment involved in the financial and credit dealings between Citizens and both Munson and Equipment.

In response to the complaint, Munson and Equipment filed an answer and a counterclaim. Harvester was neither a party to the original complaint or counterclaim, nor was it in any way involved in that dispute.

Munson and Equipment, denominating themselves "cross-complainants," subsequently filed a "cross-claim" against both Citizens and Harvester (labeling them "cross-defendants") wherein they alleged wrongful conduct by Citizens, in discontinuing its line of credit, and by Harvester, in terminating its dealership agreements.

Harvester then removed the action to this court pursuant to § 1441(c) of Title 28 U.S.C., on the ground that the cross-claim presented separate and independent claims against Harvester which would have been removable if sued upon alone due to diversity of citizenship. Cross-complainants Munson and Equipment filed a first amended cross-claim against cross-defendants Citizens and Harvester, in reply to which Harvester filed an answer; Harvester then filed a counter-claim for unfair competition and trade-mark infringement against cross-complainants, to which they filed a reply. Cross-complainants have since filed a second amended cross-claim against Citizens and Harvester.[1]

Harvester has not yet filed an answer to the second amended cross-claim. Instead, it has moved for an order "*striking* those portions of the Second Amended Cross-claim relating to claims which were the subject matter of an agreement and release executed by Henry J. Munson and Christine Munson on September 28, 1954, * * * on the ground that no claim upon which relief can be granted is, or can be asserted with respect thereto." (Emphasis added.) Harvester bases this motion upon its "Notice of Motion, the Memorandum of Points and Authorities and depositions of Henry J. Munson and Cameron B. Aikens filed herein, the Interrogatories heretofore propounded by International Harvester

---

1. This was done pursuant to a stipulation, approved by the court, between Harvester and cross-complainants, which also extended to Harvester 21 days in which to move, answer or otherwise plead to the second amended cross-claim.

Company and the Answers filed thereto, and upon all the records and files in this cause." [2] Thus does Harvester seek to have this court rule upon its asserted affirmative defense of release.

A motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b) (6), 28 U.S.C., goes solely to the complaint, or "cross-claim" in this instance.[3] Although clarity is not one of the virtues of this cross-claim, it cannot be said that, as to those allegations antedating September 28, 1954, it does not state a claim upon which relief can be granted. But Harvester, pointing to certain depositions on file herein, asks this court to regard its motion as one to which matters outside the pleading have been presented to and not excluded by the court, and thus one to be treated as a motion for summary judgment.

Rule 12(b) provides that the defense of a "failure to state a claim upon which relief can be granted" may "at the option of the pleader be made by motion * * *." It further provides that "if, on a motion asserting the defense * * * to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." (Emphasis added.)

Cross-complainants argue that, although Rule 12(b) provides for converting a motion to *dismiss* into a motion for summary judgment, no such provision is made for a motion to *strike,* the latter being the label given its motion by Harvester. Although Harvester has sought an order "striking" certain portions of the cross-claim, no significance is attached to this labeling of the motion.

Cross-complainants next object to the procedure followed by Harvester in seeking to raise the affirmative defense of release by motion instead of by including it in its answer.

The treating of a motion to dismiss for failure to state a claim as one for summary judgment under Rule 56 is conditioned by Rule 12(b) upon the proviso that "matters outside the pleading are presented to and not excluded by the court * * *."

In support of its motion, Harvester has filed no affidavit. Instead, it relies upon certain testimony by Munson taken by deposition on oral examination, quoted in memoranda filed in support of this motion. But, memoranda of points and authorities may not be classified among such documents. Sardo v. McGrath, 1952, 90 U.S.App.D.C. 195, 196 F.2d 20, 22. Harvester has not formally offered in evidence any portions of the depositions relied upon in its memoranda. Although these depositions have been filed, this court is of the opinion that this alone does not amount to their having been "presented to and not excluded by the court * * *."

If the opposite view were taken, it is difficult to imagine how such depositions, already on file, might have been excluded by the court. The susceptibility to such exclusion is a distinguishing characteristic of a motion to dismiss which is to be treated as one for summary judgment under Rule 56.[4]

As a rejoinder to this approach, it might be argued that Rule 56, in providing that "the judgment sought shall be rendered forthwith if the pleadings, *depositions,* and admissions *on file,* together

**2.** Harvester's Notice of Motion, filed March 25, 1959, p. 3.

**3.** See 2 Moore, Federal Practice, Par.

12.08 (2d ed. 1948), and authorities cited therein.

**4.** See 2 Moore, Federal Practice, Par. 12.09 (2d ed. 1948).

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law," specifies *depositions,* and does not require them to have been offered in evidence. (Emphasis added.) But, if a motion were brought originally under Rule 56, it would be *labeled* as one for *summary judgment,* and the party against whom the motion was made would have explicit notice as to its nature. In short, there would exist no possibility that the other party might be taken by surprise.

Examination of the authorities has disclosed no case wherein a motion, solely to dismiss for failure to state a claim under Rule 12(b), and not joined with an alternative motion for summary judgment under Rule 56, was treated as one for summary judgment under Rule 56 and granted.[5]

This court's emphasis upon the technical requirement that "matters outside the pleading [be] presented to * * * the court" stems from its concern lest the treating of Harvester's motion as one for summary judgment under Rule 56 take cross-complainants by surprise. The Advisory Committee, in the last paragraph of its Notes concerning the amendment of subdivision (b) of Rule 12 in 1946, stated: "It will also be observed that if a motion under rule 12(b) (6) is thus converted into a summary judgment motion, the amendment insures that both parties shall be given a reasonable opportunity to submit affidavits and extraneous proofs to avoid taking a party by surprise through the conversion of the motion into a motion for summary judgment."[6]

An examination of the cross-claim and memoranda filed by cross-complainants makes it quite clear they contend the agreement of September 28, 1954, is invalid and unenforceable due to its having been procured by fraudulent representations. Yet, cross-complainants have not attempted to avail themselves of the protection afforded by Rule 56(f) by seeking an order for "a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had," and have opposed the motion solely with unsworn statements by counsel contained in his memoranda.

A possible explanation is to be found in their statement that "it is assumed that even should there be a motion for summary judgment as to the purported defense of release, cross-claimants will be given additional time to present their own evidential material in detail and to pursue additional discovery proceedings."[7]

Harvester would have this court treat its motion as one for summary judgment under Rule 56, consider the testimony contained in the depositions on file, as cited by it in its memoranda, and grant the relief sought, pursuant to subdivision (d) of Rule 56.

Rule 56(c) provides that the court shall look to "the *pleadings,* depositions, and admissions on file, together with the affidavits, if any * * *." (Emphasis added.) The fifth cause of action asserts, in essence, that the release was procured by Harvester's fraudulent representations. Thus, even if Harvester's motion were to be treated as one for summary judgment, the relief sought could be granted only if this court were to conclude that the release was valid and

**5.** But see Biaggi v. Giant Food Shopping Center, 1957, 100 U.S.App.D.C. 338, 244 F.2d 786 (concession by counsel at pretrial conference); MacMaugh v. Baldwin, 1956, 99 U.S.App.D.C. 247, 239 F.2d 67 (statement by counsel at pretrial conference); Smith, Kline & French Laboratories v. Midwest Chemical Development Corp., D.C.N.D.Ohio 1951, 96 F.Supp. 797 (motion denied). ·

**6.** Notes of Advisory Committee on Amendments to Rules, Fed.R.Civ.P., 28 U.S.C. following § 2071, p. 4302 (1952).

**7.** Cross-complainants' Supplemental Memorandum, filed April 22, 1959, p. 7.

enforceable notwithstanding cross-complainants' contention that it was procured by fraud.

Cross-complainants seek to avoid the effect of the release on the ground that Munson was induced to enter into it by Harvester's fraudulent representations that the dealership agreements would never be canceled arbitrarily, oppressively, or without good cause. Yet, these very same dealership agreements, which expressly provide that "the Company, with or without cause, [might] terminate [them] on October 31st of any year by giving * * * written notice of termination * * * to the Dealer not less than four (4) months prior to the October 31st upon which the termination is to become effective," were amended by the release, by adding the words "subsequent to the year 1955" after the word "year." Thus, the alleged fraudulent representation upon which cross-complainants rely is inconsistent with the basic provision of the release.

In Abbot v. Stevens, 2nd Dist.1955, 133 Cal.App.2d 242, 246, 284 P.2d 159, 161, it was stated:

> "In other words it was a promise that he would not enforce one of the terms of the contract. Such a promise, directly at variance with the terms of the writing, cannot afford a basis for an action in deceit. This rule is established by Bank of America Nat. Trust & Savings Ass'n v. Pendergrass, 4 Cal.2d 258, 264, 48 P.2d 659. And it is succinctly stated in Newmark v. H and H Products Mfg. Co., 128 Cal.App.2d 35, 37, 274 P.2d 702, 703: 'Parol evidence of fraud to establish [ed] the invalidity of a written instrument induced by a promise made without any intention of performing it is only permissible in the case of a promise to do some additional act which was not covered by the terms of the contract and such evidence is not admissible in the case of a promise directly at variance with the terms of the written instrument. [Citing cases].'"

Thus, upon a motion for summary judgment, there might very well be no genuine issue as to any contention by cross-complainants that the release was induced by fraud, as a result of their being precluded from establishing such as a matter of law. But, from this it does not necessarily follow that they could not be prejudiced if the treating of this motion as one for summary judgment were to take them by surprise. This court is unable to say that there are no possible grounds which they might have asserted to avoid the release if they had known this motion was to be so treated.[8]

For these reasons, this court concludes that Harvester's failure to present to the court any matter "outside the pleading," coupled with the possibility that the converting of the motion into one for summary judgment under Rule 56 might take cross-complainants by surprise, compels the denying of the motion, but without prejudice to Harvester's seeking similar relief by a motion for summary judgment.

It will be so ordered.

---

8. Cf. Simmons v. California Institute of Technology, 1949, 34 Cal.2d 264, 274, 209 P.2d 581, 587 (distinction taken between terms of integrated agreement and alleged fraudulent representations).