**Luther Robinson MADDOX, Appellant,**

v.

**Raymond O. SHROYER et al., Appellees.**

**No. 16610.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 19, 1962.

Decided April 26, 1962.

Petition for Rehearing En Banc Denied
En Banc May 21, 1962.

———◆———

Mr. Luther Robinson Maddox, Washington, D. C., appellant pro se, with whom Mrs. Marie Flynn Maddox, Washington, D. C., was on the brief, for appellant.

Mr. William J. Donnelly, Jr., Washington, D. C., with whom Mr. Richard W. Galiher, Washington, D. C., was on the brief, for appellee District Supply, Inc. and certain other appellees.

Mr. B. Austin Newton, Jr., Washington, D. C., for appellee Caraway.

Mr. James E. Hogan, Washington, D. C., for appellee Hilland.

Mr. Ferdinand J. Mack, Washington, D. C., entered an appearance for appellees Raymond O. and Mary K. Shroyer.

Before BAZELON, WASHINGTON and BASTIAN, Circuit Judges.

PER CURIAM.

This is an appeal from the action of the District Court dismissing with prejudice appellant's [plaintiff's] complaint.

When this case reached the pre-trial stage in the District Court, the matter came before Chief Judge McGuire on a motion to transfer the cause to Baltimore to be tried in that city with a substantially similar case involving substantially similar facts against substantially the same parties.[1] The court denied the motion and advised appellant as follows:

"* * * First of all, the pleadings are extremely voluminous and offend every rule in the Rules of Civil Procedure. Your complaint should be concise, condensed and to the point but, in certain instances, the complaint here or the amended complaint runs into pages. The case should be dismissed, actually, for a vicious and grievous violation of the Federal Rules of Civil Procedure, * * *. This case will be pre-tried on the 16th day of May. That means you will get your pleadings in order and this case will be tried on the first day of June. If you don't get your pleadings in order by the 16th day of May—and I will still be the Motions Court—I will dismiss it. I tell you that quite frankly. We are not going to live with this type of litigation. * * * I am directing you to get your pleadings in order. You submit a new complaint of an Amended Character. It should be confined, under the rules, to a fair, condensed, accurate statement of the

1. We are advised that the case in Baltimore has since been tried, decided adversely to appellant, and the decision of the District Court affirmed by the United States Court of Appeals for the Fourth Circuit. Maddox v. Fidelity Investment & Title Co., 300 F.2d 1.

alleged facts that you rely on. The answer should be the same. I am going to direct the pre-trial Examiner, if this matter is referred to the pre-trial Examiner on the 16th day of May, as it will be, if the pleadings do not conform, I will dismiss the case."

Some two months later, on April 18, 1961, the court entered an order, containing, among other things, the following:

"The Court, having reviewed the file in this cause, and having noted that the same has been pending since 1957; that the record in this cause consists (of) three lengthy volumes; that on March 11, 1959 this Court noted—'This case is one of the causes of court congestion which we are finally beginning to catch up with * * *'; and that the plaintiff's pleadings do not conform with the spirit and letter of the Federal Rules of Civil Procedure, it is by the Court this 18th day of April, 1961,

"ORDERED, that this cause of action is to be pre-tried on May 16, 1961, and thereafter set for trial on June 1, 1961.

"IT IS FURTHER ORDERED, that the plaintiff is hereby directed to have his pleadings comply with the requirements of the Federal Rules of Civil Procedure at the time of pre-trial, and that, if the pleadings have not been placed in proper posture by that time, this cause will be dismissed with prejudice."

On May 16 the case again came before Chief Judge McGuire as, up to that time, appellant had evidenced no effort whatsoever to comply with the court's order. Thereupon, the court entered a further order directing appellant to file an amended complaint within ten days from May 16, 1961, and, upon failure to do so, providing that the case be dismissed with prejudice. The ten days granted by this latter order having expired and appellant having failed to comply with the directions of the court, the court, on June 1, 1961, entered the order appealed from and dismissed the cause with prejudice.

While dismissal for failure to comply with the Rules is a seemingly severe sanction, nevertheless we think that the court in this case was amply justified in the action which it took, particularly in view of the flagrant refusal of appellant to follow the sound and proper directions of the District Court. Cf. Condol v. Baltimore & O. R. Co., 91 U.S.App.D.C. 255, 199 F.2d 400 (1952); McCann v. Clark, 89 U.S.App.D.C. 166, 191 F.2d 476 (1951).

The judgment of the District Court is affirmed.

Affirmation of the judgment renders moot the other questions raised by appellant.

Affirmed.