Gertrude GREET, Appellant,

v.

OTIS ELEVATOR COMPANY, a corporation, and the Virginia Hotel Company, a corporation, Appellees.

No. 3083.

District of Columbia Court of Appeals.

Argued Oct. 22, 1962.

Decided Jan. 29, 1963.

6. James v. Greenberg, D.C.Mun.App., 55 A.2d 727 (1947).

Rolland G. Lamensdorf, Washington, D. C., for appellant.

Joseph S. McCarthy, Washington, D. C., with whom Joseph P. Clancy, Washington, D. C., was on the brief, for appellee Otis Elevator Co.

James C. Gregg, Washington, D. C., with whom Hugh Lynch, Jr., Washington, D. C., was on the brief, for appellee Virginia Hotel Co.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

HOOD, Chief Judge.

Appellant was an employee of a tenant in an office building known as the Wyatt Building and owned by The Virginia Hotel Company. She brought this action against the building owner and Otis Elevator Company for damages suffered when the doors of an automatic elevator in the building struck her as she was entering it.

The building has four elevators which were formerly manually operated. On July 7, 1958, the building owner contracted with Otis for the conversion of the elevators from manual to automatic operation. When work commenced is not shown by the record, but work was in progress on August 3, 1960, when the accident occurred. At that time elevator 4 had been converted and as appellant entered it the door closed, striking her violently on the left side and throwing her to the rear of the elevator.

■ Appellant proved only the accident. She offered no evidence as to the cause or reason therefor. Both defendants moved for directed verdicts at the close of appellant's case. The court denied the motions, but ruled that appellant could proceed against the building owner only on the theory of res ipsa loquitur and against Otis only on a theory of specific negligence.[1] The motions were renewed at the close of all the evidence, but the court adhered to its former ruling and submitted the case to the jury, instructing the jury that a verdict might be returned against the building owner under the doctrine of res ipsa loquitur if it found that the elevator was in the exclusive control of that defendant, and that a verdict might be returned against Otis on proof of specific negligence on its part. The jury returned a verdict for appellant against Otis in the sum of $662.50 and a verdict for her in the same amount against the building owner. (More will later be said about the form of the verdict.) Thereafter the court granted judgments n. o. v.

[1] We do not approve this procedure. If a plaintiff has made out a prima facie case, a motion for a directed verdict at the close of plaintiff's evidence should be denied without restriction. The theory or theories upon which the case is submitted to the jury should be determined at the close of all the evidence because some evidence elicited from defendant's witnesses may be advantageous to plaintiff.

for both defendants and this appeal followed.

■■■ In our opinion the evidence was such that the court should have instructed the jury on the doctrine of res ipsa loquitur with respect to both defendants, and that it was for the jury to determine whether either or both defendants had control of the elevator at the time of the accident. "It is not necessary for the applicability of the res ipsa loquitur doctrine that there be but a single person in control of that which caused the damage." Schroeder v. City & County Sav. Bank, 293 N.Y. 370, 57 N.E.2d 57. The doctrine may apply against two defendants if there is joint control and in a proper case it is for the jury to say whether either or both had control. Biondini v. Amship Corporation, 81 Cal.App.2d 751, 185 P.2d 94. See also, Meny v. Carlson, 6 N.J. 82, 77 A.2d 245, 22 A.L.R.2d 1160; Enslein v. Hudson & Manhattan Railroad Company, 8 Misc.2d 87, 165 N.Y.S.2d 630, modified on other grounds, 176 N.Y.S.2d 70, 6 A.D.2d 833, affirmed 6 N.Y.2d 723, 185 N.Y.S.2d 810, 158 N.E.2d 504; Annot. 38 A.L.R.2d 905, 908. Cf. Biaggi v. Giant Food Shopping Center, 100 U.S.App.D.C. 338, 244 F.2d 786.

Although, in order not to interrupt service, Otis converted one elevator at a time, its contract called for conversion of the four elevators. When the accident occurred work had been in progress for some time and it continued for some time thereafter. The accident occurred on August 3, 1960, but it was not until August 11, 1961, that the Virginia Hotel Company formally accepted the "elevator plant." Though at the time of the accident elevator 4 had been converted to the extent that it was in use, a jury could find that it was then either in the control of Otis or in the joint control of Otis and Virginia Hotel Company. It was error not to submit this question to the jury.

■ The conclusion reached above requires a new trial as to both defendants.

The jury was properly instructed that if it found the Virginia Hotel Company had control of the elevator at the time of the accident the doctrine of res ipsa loquitur was applicable; but it was also in effect told it could not find control or joint control in Otis, and this could well have operated to the prejudice of The Virginia Hotel Company.

■ An additional ground requiring reversal is the form of the verdict. As before stated, the jury was allowed to return separate verdicts against each defendant for $662.50. This should not have been allowed. The jury should have been told there was only one injury and that the plaintiff could have only one verdict which could be against either or both defendants, and then should have been sent back for further deliberation in accordance with such instructions. Instead, the court and counsel attempted to agree on the correct verdict, but it appears that no agreement was reached. Appellant contends that the true verdict is $1,325 against both defendants, that the jury's attempt to apportion that sum was a nullity, and that the trial court should have corrected the verdict before ruling on the defendants' motions after trial. Otis agrees with appellant as to the proper verdict and claims that a stipulation to that effect entered into by counsel cured any defect. The Virginia Hotel Company denies it joined in any stipulation and contends that since appellant did not allege joint liability and defendants were not treated as joint tort-feasors, the proper verdict is $662.50 against each defendant. The record does not show in what form the verdict was entered. It is a matter of conjecture whether the jury, if properly instructed, would have returned a verdict for the full amount against either defendant.

Reversed with instructions to grant a new trial as to both defendants and as to the cross-claim of The Virginia Hotel Company against Otis Elevator Company.

Reversed with instructions.