**Evelyn COURTNEY, Appellant,**

v.

**GIANT FOOD, INC., Appellee.**

**No. 3800.**

District of Columbia Court of Appeals.

Argued May 9, 1966.

Decided July 5, 1966.

---

ground that the jury would have to speculate on the case. This appeal followed.

During the trial, plaintiff testified that while on her way to shop at defendant's store, she tripped and fell over a sheet of chicken wire normally used by defendant to protect its shrubbery display. She further stated that had the wire been rolled up, she would have seen it. Three witnesses corroborated her testimony that this sheet of wire was the color of the sidewalk, was very thin, and could not be seen because it was dusk and the overhead lights had not been turned on. There was also testimony regarding her damages and defendant's prior notice of the alleged dangerous condition. Defendant presented evidence that the wire was in a roll, and showed that plaintiff had so stated in the pretrial deposition. It also denied any actual or constructive notice of the condition. The court, in directing a verdict for defendant, stated:

"[The jury] will have to speculate on as to what was the condition of this wire at the time she fell. * * * I don't think I should permit the jury to [guess]. They would have to practically toss a coin as to which view of her testimony they would have to take as far as the deposition is concerned; as far as the testimony as to what she told the doctor was concerned; and as far as what she told this Court."

Appellant contends that the trial judge incorrectly interpreted the applicable law and erred in directing the verdict. We agree.

It is fundamental that in acting on a defendant's motion for a directed verdict, the trial court must view the evidence in the light most favorable to the plaintiff, and may only take the case from the jury if no reasonable man could reach a verdict in his favor. Shewmaker v. Capital Transit Co., 79 U.S.App.D.C. 102, 143 F.2d 142 (1944); Great A & P Tea Co. v. Aveilhe, D.C.Mun.App., 116 A.2d 162 (1955). Although the specific ground assigned for the granting of defendant's motion was that

———◆———

Harry C. Lewis, Washington, D. C., for appellant.

Francis J. Ford, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

Plaintiff sued to recover damages for personal injuries allegedly resulting from a fall outside defendant's premises. At the close of all the evidence the trial court directed a verdict for defendant on the

the jury would have to speculate, we are not limited to a determination of the correctness of this position since we may affirm the trial court's action if it is proper upon any ground urged in the motion for a directed verdict. Jones v. District of Columbia, D.C.Mun.App., 123 A.2d 364 (1956). The questions before us, then, are whether the jury would have had to speculate, and, if not, whether there was evidence upon which reasonable men might have differed as to negligence and the other elements of liability. Shewmaker v. Capital Transit Co., supra.

■ "Speculate," as used in negligence cases, is a word of art with a definite and limited meaning. We say, in effect, that a jury should never be permitted to guess as to a material element of the case such as damages, negligence, or causation. See MacMaugh v. Baldwin, 99 U.S.App.D.C. 247, 239 F.2d 67 (1956); Reece v. Capital Transit Co., 97 U.S.App.D.C. 274, 230 F.2d 824 (1956); Jones v. District of Columbia, supra. Defendant argues that plaintiff presented a number of inconsistent versions of the occurrence, only some of which were consistent with liability, and that the jurors would have had to speculate as to which version they believed.

■ We are of the opinion, however, that the testimony referring to how far the wire stretched along the sidewalk, whether it was attached or loose, and whether there was any remaining on the roll was ancillary to a single theory of negligence, namely, that defendant had created or allowed to exist a dangerous condition of which it had knowledge, and that while under a legal duty to do so, had failed to warn plaintiff of its existence. All of plaintiff's witnesses testified that she fell over a sheet of wire, and although in her deposition she called it a roll, we know of no rule requiring her to be her own best witness. Defendant's witness, consistent with a defense of contributory negligence, testified that the wire was in a roll. The jurors would merely have had to weigh the evidence and determine the credibility of the various witnesses, two of their normal functions. They would not, however, have had to speculate as to any of the elements of the case.

A thorough reading of the record shows that reasonable men could have differed on the issues of negligence, notice, and contributory negligence. Finding no basis upon which we can affirm the judgment of the trial court, we reverse and remand with instructions to grant a new trial.

Reversed with instructions.