**PEPSI COLA COMPANY, Appellant,**

v.

**Henry J. WADDELL,·Appellee.**

No. 6706.

District of Columbia Court of Appeals.

Argued Nov. 22, 1972.

Decided May 15, 1973.

Austin F. Canfield, Jr., Washington, D. C., with whom Richard W. Galiher, Washington, D. C., was on the brief, for appellant.

William A. Burleson, Washington, D. C., for appellee.

Before GALLAGHER, PAIR and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

This appeal is from a jury verdict against appellant in the amount of $12,500 for injuries allegedly resulting from a collision between appellant's vehicle and the vehicle operated by appellee.

Appellant company urges on appeal primarily that the trial judge committed error in allowing the case to go to the jury.[1] It contends that the evidence produced at trial was so deficient in essentials as to require the jury to speculate as to how the accident occurred. Appellant argues that the testimony proffered by the appellee did not demonstrate a scintilla of evidence of negligence on the part of the appellant. After a review of the record we agree and accordingly reverse.

The evidence presented at trial accepted in the light most favorable to the appellee (plaintiff below) reveals that appellee was proceeding west on H Street, N. E., approaching the intersection with Seventh Street. H Street has two westbound lanes in addition to a westbound curb parking lane and one eastbound lane.

There are several differences in the testimony of the drivers of the car and truck as to precisely what occurred at this point. According to appellee, he proceeded through the intersection at Seventh Street in the center lane (the farthest left westbound lane) and passed appellant's truck which was double-parked just across the intersection in the westbound lane nearest

---

1. Appellant's motions for directed verdicts were denied by the trial court both at the conclusion of the appellee's case in chief (Tr. at 70–75) and at the conclusion of the entire case (Tr. at 113–115).

to the parking lane. As appellee passed appellant's truck he heard a noise and thought he had been hit by a following car. He stopped his vehicle in the center lane just beyond the truck and exited his car on the passenger side to inspect the damage. He found some debris from a previous accident, and concluded his vehicle had not been hit. Appellee then proceeded to get back into his car through the passenger door. He said that as he opened the door it was hit in "the middle" by the appellant's truck, as it started to move in a westbound direction. The force was sufficient to cave in the door in a concave fashion severing one-half of appellee's right index finger. He did not testify as to where his finger was placed when the accident occurred. Neither did appellee tender any testimony as to what part of the truck hit the door, whether it was the bumper or the outside corner of the van. Nor does he contend that the door had been open for some time before it was hit, but rather it was struck as he opened it. It is impossible to arrive at a logical conclusion from the foregoing testimony as to what act of negligence caused the injury. In the course of this testimony the following exchange occurred:

THE COURT: I suppose what the Court is concerned about is how did the truck manage to hit your finger without hitting you?

THE WITNESS: It hit the door, sir. Just as I was going to get in—I hadn't got in the car, but it hit the door of my car.

THE COURT: And your finger was between the truck and the door?

THE WITNESS: No. It wasn't, sir.

THE COURT: I'll leave it to you to explain it. I haven't got a clean picture of it. Mr. Canfield? [Tr. at 41.]

Whereupon cross-examination of the witness began.

Adding to the confusion, and left unexplained by the appellee, is his admission, when called as a witness for the defense, that his right rear door was also damaged in the accident, as reflected in his repair bill, and required three hours of labor to fix. Despite this testimony he also said at this point that there was only one impact, not two.

The incongruity of his entire testimony in view of the two damaged doors is highlighted by a part of his deposition which was read into the record as follows:

"Question: Was any part of your body struck?

Answer: Not one part. This is the amazing thing. I'm standing almost directly in front of the door.

Question: Where was your right hand at that time?

Answer: I just opened the door—and those doors are very heavy, sir, and to keep them from swinging back too far I caught it, and I opened it with this hand [indicating] and I know that it's heavy, and it was swinged back very hard. I put my hand up like this on the top of it to stop it from swinging back, swinging all the way back—" [Tr. at 96.]

The fact that two doors were damaged would seem to corroborate the testimony of the truck driver that there were two impacts. The first when appellee's car got hung up on the truck's left rear bumper while trying to turn out and around the truck, and the second when the front door apparently was opened from the inside as the truck driver was proceeding a few feet forward in order to untangle the two vehicles and the left rear bumper of the truck struck the open door.

Appellant aptly contends that it was physically impossible for the accident to have happened as described by appellee. At oral argument, appellee's counsel, who also was trial counsel, upon being asked to enlighten the court as to how the accident

occurred was not able to explain the occurrence.

As we stated in Courtney v. Giant Food, Inc., D.C.App., 221 A.2d 92, 94 (1966):

[A] jury should never be permitted to guess as to a material element of the case such as damages, negligence, or causation. See MacMaugh v. Baldwin, 99 U.S.App.D.C. 247, 239 F.2d 67 (1956); Reece v. Capital Transit Co., 97 U.S.App.D.C. 274, 230 F.2d 824 (1956); Jones v. District of Columbia, [D.C. Mun.App., 123 A.2d 364 (1956)]

. . . . . .

The burden was on the appellee to establish a particular act of negligence on the part of appellant and that such act was the proximate cause of the injury.[2] This he has failed to do.

The question of law presented by the motions for a directed verdict "is not whether there is any evidence—a mere scintilla is not sufficient—but whether there is any upon which a jury could properly find a verdict for the party upon whom the onus of proof is imposed."[3] Appellee's strongest evidence, to which there is serious challenge regarding its admissibility, was appellee's testimony that he heard appellant's truck driver say he thought he could make it. It is not particularly important that this was denied by the truck driver for such a statement, without more, does not establish negligence nor does it explain in a causal fashion how appellee's finger was severed.

The evidence adduced at trial was not sufficient factually to permit a logical conclusion as to exactly what occurred and consequently it was insufficient to permit the submission of the case to the trier of fact.[4] When the evidence requires a jury to speculate as to negligence or cau-

sation, a motion for a directed verdict for defendant (appellant) must be granted.[5] Unfortunately, even when it is clear that the plaintiff was permanently injured, causation and negligence cannot be inferred from the mere fact of the injury.

The judgment of the trial court is

Reversed.

---

2. Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720 (1930).

3. Baker v. D.C. Transit System, Inc., D.C. App., 248 A.2d 829, 831 (1969).

4. *Id.; see also* Gunning v. Cooley, *supra.*

5. Baker v. D.C. Transit System, Inc., *supra;* Reece v. Capital Transit Co., *supra;* MacMaugh v. Baldwin, *supra.*